## ACKERMAN *a.* ACKERMAN.

*New York Common Pleas ; Special Term, November,* 1860.

### ATTORNEY'S LIEN.—EXECUTION.

Plaintiff's attorney has a lien on the judgment for his counsel-fee, over and above the taxable costs ; due notice of such lien having been given to the defendant. And he may issue execution on such judgment for the amount of such fee, although a satisfaction-piece has been executed by plaintiff, and delivered to defendant, and filed in the clerk's office.

Motion to set aside execution.

Judgment was entered against defendant by default for $4,583.62. Subsequently plaintiff's attorney gave defendant notice in writing, that he claimed a lien on the judgment for his counsel-fee of $100, over and above the costs. After service of that notice, plaintiff and defendant, without the knowledge of the plaintiff's attorney, settled the suit, and plaintiff gave defendant a satisfaction-piece, which was duly filed in the clerk's office.

Defendant then paid plaintiff's attorney his taxable costs, $17.73.

Plaintiff's attorney not knowing that the satisfaction-piece had been filed, issued execution for $72.27, being balance of his fees after crediting defendant with amount received in another matter.

The defendant now moved to set aside the execution, upon the ground that satisfaction was entered before the same was issued, and that the plaintiff and defendant had settled.

*W. J. Kane*, for the motion.

*A. P. Whitehead*, opposed.—I. Plaintiff's attorney has a lien on the judgment for his fees, besides costs, and after notice to defendant of such lien, defendant settles at his peril. (Ward *a.* Wordsworth, 1 *E. D. Smith*, 598; Hall *a.* Ayer, 9 *Abbotts' Pr.*, 220; Rooney *a.* Second Avenue Railroad Co., 18 *N. Y.*, 368.)

II. The satisfaction-piece was filed after notice of the lien, and was in fraud of plaintiff's attorney. All fraudulent acts are void. The satisfaction-piece is void as to plaintiff's attorney.

Brady, J.—Upon reflection I am satisfied that the satisfaction-piece was filed by the defendant with full knowledge of the lien of the plaintiff's attorney, and was in contravention of his rights, and, therefore, as to him, a fraud.

Having arrived at this conclusion, the motion to set aside the execution must be denied, unless the defendant pays to the attorney of the plaintiff $72.27, being the balance due under the lien, within twenty days after service of the order to be entered hereon. No costs to either party on this motion, but sheriff's fees to be paid by defendant.